FILED
CLERK

2010 SEP 29 PM 4:14

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GETRO MILFORT

        Plaintiff(s),

-against-

COURT OFFICER FELIX PREVETE,
OFFICERS "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).
        Defendant(s).

CASE No.: _____

CV 10 - 4467

COMPLAINT

PLAINTIFF(S) DEMAND
TRIAL BY JURY

TOWNES, J.

J. ORENSTEIN, M.J.

Plaintiff GETRO MILFORT, by his attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff is also asserting supplemental state law tort claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, GETRO MILFORT, born in 1959, is a 5 foot 9 inch 150 lb. African American male, a citizen of the United States, and at all relevant times a resident of the State of New York.

7. Upon information and belief, that at all times mentioned hereinafter, the defendants COURT OFFICER FELIX PREVETE, OFFICERS "JANE DOE" AND "JOHN DOE" 1-10 were officers in the employ of the New York State Office of Court Administration.

8. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

9. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE STATE OF NEW YORK and in individual capacity.

## FACTUAL ALLEGATIONS

10. On 6/18/2010 at approximately 9:45 Am while in the lobby of Kings County Civil Court at 141 Livingston Street Brooklyn, NY 11201 the following events occurred.

11. Plaintiff GETRO MILFORT was waiting in line to go through the metal detectors on his way to a court appearance.

12. Plaintiff placed all of his belongings into the basket before passing through the metal detectors.

13. While waiting in line, plaintiff's phone rang while it was in the basket.

14. Plaintiff answered his phone and began to speak to the caller.

15. At this point Defendant OFFICER FELIX PREVETE told plaintiff to exit the line if he was going to talk on the phone.

16. Plaintiff then began to place the objects in the basket back into his pockets so he could exit the line.

17. At this point OFFICER FELIX PREVETE snatched the phone out of plaintiff's hand and told him to go outside.

18. Plaintiff could not leave at that point because some of his possessions were still in the security baskets - including his wallet and car keys; and OFFICER FELIX PREVETE still had his phone.

19. Plaintiff stated to the officer he can't leave without his possessions.

20. At this point OFFICER FELIX PREVETE grabbed plaintiff around the neck and smashed his face into a wall of the lobby.

21. Following this, four other officers all came over and forcibly held plaintiff against the wall.

22. One of the officers, a white 6 foot 2 inch officer (hereinafter, "TALL WHITE OFFICER"), yanked plaintiff's arm behind his back to the point that plaintiff felt something in his shoulder tearing and felt extreme pain.

23. Plaintiff was then handcuffed by all the officers and taken into an elevator in the building.

24. Once in the elevator the TALL WHITE OFFICER again yanked Plaintiff's arm in a way that caused plaintiff to feel extreme pain and more tearing within his shoulder.

25. When plaintiff complained of the pain he was told to "shut the fuck up", and called a motherfucker by TALL WHITE OFFICER.

26. Plaintiff was taken out of the elevator and into an office.

27. Plaintiff was issued a Desk Appearance Ticket.

28. Plaintiff was then escorted out of the building.

29. Plaintiff went directly to Long Island College Hospital where his injuries were treated.

30. Plaintiff made two court appearances before all charges against him were dropped.

31. Plaintiff paid a defense attorney $500.00 to be represented.

32. Plaintiff did not plea to any crime or violation.

33. There was no reasonable suspicion to approach, search, detain or question Plaintiff during the above incidents.

34. At the above times and places plaintiff was wrongfully arrested without a warrant, probable cause, or consent.

35. There was no reasonable suspicion of wrongdoing when plaintiff was approached, seized, detained, arrested and prosecuted.

36. At all times during the events described above, the defendant officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

37. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each

other during said events.

38. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

39. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

40. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have excessive force imposed upon him;

    E. Not to have summary punishment imposed upon him; and

    F. To receive equal protection under the law.

**WHEREFORE**, plaintiff demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 9/28/2010
      Brooklyn, NY

                                                   Attorney for Plaintiff(s)
                                                   PAUL HALE ESQ. [PH-8273]

26 Court Street, Suite 1901
Brooklyn, NY 11242
PHONE: (718) 554-7344