```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GETRO MILFORT,                                    :
                                                  :
                Plaintiff,                        :
                                                  :         MEMORANDUM AND
        -against-                                 :         ORDER
                                                  :
COURT OFFICER FELIX PREVETE,                      :         10-cv-4467
COURT OFFICER CHRISTOPHER FERRARI,                :         (Kuntz, J.)
                                                  :
                Defendants.                       :
-------------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**

On March 14, 2014, the Court issued an order remitting the punitive damages award in this action. (Dkt. 82). By letter of March 17, 2014, Plaintiff requested clarification as to whether any new trial would cover "only punitive damages, or ... all damages, including compensatory and punitive damages." (Dkt. 83).

The Court now clarifies that any new trial would, as the March 14, 2014 Order indicated, be limited to punitive damages. (*See* Dkt. 82, at 17 ("If the Plaintiff chooses not to accept the remitted punitive damages award of $5,000, a new trial shall be held *on that issue*.") (emphasis added); Order re Dkt. 70 (Jury Verdict)). It is "settled in this circuit" that the remittitur procedure allows a plaintiff the option of choosing between a remitted damages sum and a new trial. *See Vasbinder v. Scott*, 976 F.2d 118, 123 (2d Cir. 1992). Here, any new trial required in the event Plaintiff rejects remittitur will "be limited to the issue of the appropriate amounts of the punitive damage awards, since [that issue is] distinct from the other issues in the case and the trial court's instructions and special verdict questions sufficiently segmented the issue[] for

1

consideration by the jury." *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 375 (2d. Cir. 1998) (citing *Gasoline Prods. Co v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)); *see* Dkt. 70, at 3 (asking the jury whether Defendant acted "maliciously or wantonly" before asking the jury to award punitive damages).

Therefore, and in accordance with the Court's prior orders, any new trial in this action would be limited to the issue of punitive damages. (*See* Dkt. 82; Order re Dkt. 70 (Jury Verdict)).

**SO ORDERED**

Dated: Brooklyn, New York
March 18, 2014

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge